UNITED STATES of America,
Plaintiff-Appellee

v.

Quentin Lavelle JEFFRIES,
Defendant-Appellant

No. 14-51250
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 18, 2016

Joseph H. Gay, Jr., Assistant U.S. Attorney, Mara Asya Blatt, Assistant U.S. Attorney, San Antonio, TX, for Plaintiff–Appellee

Bradford W. Bogan, Assistant Federal Public Defender, San Antonio, TX, Shane John Stolarczyk, Keller Stolarczyk P.L.L.C., Boerne, TX, Quentin Lavelle Jeffries, USP Polloc, Pollock, LA, for Defendant–Appellant

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

## ON PETITION FOR PANEL REHEARING

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, we DENY the petition for panel rehearing and note the following:

1. Since the filing of Jeffries' petition for rehearing en banc, our court has ruled that the Supreme Court has not applied *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) to the career offender sentencing guidelines defi-

nition in United States Sentencing Guideline § 4B1.2(a)(2). *In re Arnick*, 826 F.3d 787, 2016 WL 3383487 *1, 2016 U.S. App. LEXIS 11030 *2 (5th Cir. Jun. 17, 2016).

2. Even assuming arguendo that *Johnson* does apply to the residual clause of USSG § 4B1.2(a)(2), nowhere in his belated briefing to our court last year, his petition for certiorari to the Supreme Court, or his petition for rehearing, has Jeffries demonstrated that he was sentenced under the residual clause. It is certainly not "clear" or "obvious" under plain error review that his conviction under Texas Penal Code § 22.02 for the crime of aggravated assault with a deadly weapon causing physical injury to which he pleaded guilty is not a "use of force" conviction under 4B1.2(a)(1) or an enumerated offense under Application Note 1 to § 4B1.2(a). *See United States v. Guzman*, 797 F.3d 346 (5th Cir. 2015); *cf. Beckles v. United States*, No. 15-8544, —— U.S. ——, 136 S.Ct. 2510, —— L.Ed.2d ——, 2016 WL 1029080, 2016 U.S. LEXIS 4142 (U.S. Jun. 27, 2016)(granting certiorari on a case involving whether a sawed-off shotgun is a crime of violence under § 4B1.2(a)); *United States v. Soto–Rivera*, 811 F.3d 53 (1st Cir. 2016)(addressing crime of felon in possession of a firearm under § 4B1.2(a)(2) and application notes); *United States v. Lipscomb*, 619 F.3d 474 (5th Cir. 2010)(plurality opinion addressing whether crime of possession of a sawed-off shotgun was a crime of violence). The Supreme Court did not strike down the "use of force" prong in *Johnson* and, indeed, since that time has applied a similar "use of force" prong in a case of a reckless assault. *Voisine and Armstrong v. U.S.*, —— U.S. ——, 136 S.Ct. 2272, 195 L.Ed.2d 736 (2016)("use of force" under 18 U.S.C. § 921(a)(33)(A) includes reckless assault).